# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON ORNSTEIN, | No. 3:18-CV-02042 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WARDEN, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 29, 2020

Plaintiff Aaron Ornstein, a prisoner presently confined at the State Correctional Institution at Somerset in Somerset, Pennsylvania, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, a Fourteenth Amendment medical indifference claim as well as a Pennsylvania professional negligence claim regarding the medical care provided to him while he was a pre-trial detainee at the York County Prison.[1] Presently before the Court is the motion for judgment on the pleadings of Moving Defendants Kirsten Forsythe, CRNP, Juliet Donofrio, LPN, and PrimeCare Medical, Inc., which is ripe for adjudication.[2] For the reasons that follow, the Court will deny the motion but dismiss *sua sponte* the Fourteenth Amendment claim against the Moving Defendants pursuant to 28 U.S.C.

---

[1] ECF No. 35.
[2] ECF No. 47.

1

§ 1915(e)(2)(B) for failure to state a claim against them for which relief may be granted.

I.  **BACKGROUND**

Plaintiff first initiated this action by filing a complaint on October 19, 2018.[3] He later filed an amended complaint on February 28, 2019.[4] In the Amended Complaint, Plaintiff alleges that he was transported to York County Prison on May 13, 2017.[5] During his intake, Plaintiff alleges that non-moving defendants Cessna, Fitski, and Valesquez used excessive force against him and caused him to suffer internal bleeding into his lung and stomach, a broken clavicle bone, a laceration under his right eye, and bruising and multiple abrasions across his body.[6] Plaintiff claims that he lost consciousness "after an indeterminate number of blows to the head, face, and body."[7] Plaintiff alleges that he was restrained in a restraint chair with a spit mask covering his face.[8] Plaintiff experienced chest pain and difficulty breathing.[9] After non-moving defendant Lt. Doe "acknowledged his request for medical attention," Plaintiff was transported in the restraint chair to the medical department.[10]

---

[3] ECF No. 1.
[4] ECF No. 35.
[5] *Id.*, ¶ 18.
[6] *Id.*, ¶ 27.
[7] *Id.*, ¶ 28.
[8] *Id.*, ¶ 29.
[9] *Id.*, ¶ 30.
[10] *Id.*, ¶¶ 31, 32.

Moving Defendant Nurse Donofrio examined Plaintiff in the medical department and attempted to "verbally investigate the source of the Plaintiff's chest pain and breathing ailment."[11] Plaintiff states that he was "gasping for breath and blood from the laceration under his eye was leaking into his mouth" as he was trying to respond to Moving Defendant Nurse Donofrio.[12] Plaintiff requested that the spit mask be removed, because it was obstructing his oxygen intake but non-moving defendant Lt. Doe refused.[13] Plaintiff alleges that Moving Defendant Nurse Donofrio tried to obtain his vital signs three times but was unsuccessful.[14] This is the only interaction alleged between Plaintiff and Moving Defendant Donofrio in the Amended Complaint.

The paramedics were called and Plaintiff was transported to non-party WellSpan York Hospital where he was examined.[15] Plaintiff returned to York County Prison later that evening with undiagnosed internal injuries including bleeding into his lung and stomach and a broken clavicle bone.[16]

Plaintiff alleges that, while housed in the Echo Housing Unit (EHU) and the Restricted Housing Unit (RHU), he experienced "chest pain and severe difficulty breathing," that his "internal bleeding continued to leak into his lung and stomach,"

---

[11] *Id.*, ¶ 33, 34.
[12] *Id.*, ¶ 35.
[13] *Id.*, ¶¶ 35-41.
[14] *Id.*, ¶ 42.
[15] *Id.*, ¶¶ 43-44.
[16] *Id.*, ¶ 45.

3

that he began to find blood in his stool, and that he began to "beg for medical attention."[17]

Plaintiff alleges that, on an unidentified date, he was taken back to the medical department where he was examined.[18] There, he underwent x-rays of his chest and was told by non-moving defendant X-Ray Tech Doe that there was "definitely something wrong," but that the X-ray tech did not take any further action.[19] Plaintiff does not allege that he was examined by Moving Defendants Forsythe or Donofrio during this encounter.

Plaintiff alleges that he was returned to the RHU "where he would lie in agony slowly asphyxiating from the blood filling his lung and defecating blood on himself from the blood leaking into his stomach."[20] Plaintiff alleges that he became unresponsive after four days in the RHU and was returned to the medical department where Moving Defendant Nurse Forsythe began trying to revive him.[21] Plaintiff claims that "as he faded in and out of consciousness, he suffered two seizures."[22] This is the only interaction alleged between Plaintiff and Moving Defendant Forsythe in the Amended Complaint.

---

[17] *Id.*, ¶¶ 57-62.
[18] *Id.*, ¶ 63.
[19] *Id.*, ¶¶ 64-68.
[20] *Id.*, ¶ 69.
[21] *Id.*, ¶ 70-72.
[22] *Id.*, ¶ 73.

Plaintiff alleges that he was again transported to WellSpan York Hospital where he was placed in the critical care unit, diagnosed with a broken clavicle bone and internal bleeding into his lung and stomach, and received medical treatment.[23] Plaintiff was admitted to and remained at WellSpan York Hospital from May 19, 2017, until June 1, 2017.[24]

Plaintiff asserts a Fourteenth Amendment claim of medical deliberate indifference in Count III as well as a claim of state law professional negligence/corporate negligence in Count V of the Amended Complaint against Moving Defendants.

On March 6, 2019, the Moving Defendants filed a Notice of Intention to File a Motion for Judgment on the Pleadings as to Claims of Professional Negligence for Failure to File a Certificate of Merit[25] and also filed their Answer with Affirmative Defenses.[26] In the Answer, Moving Defendant Forsythe denied that she is a doctor and stated that she is a "licensed nurse practitioner."[27] Moving Defendant Donofrio admitted that she is a licensed practical nurse.[28] Moving Defendant PrimeCare Medical, Inc., admitted that it is a business entity which has a contract with York County to provide medical services to inmates incarcerated in York County Prison.[29]

---

[23] *Id.*, ¶¶ 74-83.
[24] *Id.*, ¶¶ 77-83.
[25] ECF No. 38.
[26] ECF No. 39.
[27] *Id.*, ¶ 12.
[28] *Id.*, ¶ 13.
[29] *Id.*, ¶ 15.

On March 16, 2019, Plaintiff filed "Certificates of Merit" against the Moving Defendants in which he claims that expert testimony of an appropriate licensed professional is unnecessary for prosecution of his claim.[30]

The Moving Defendants have since filed the instant Motion for Judgment on the Pleadings arguing that Plaintiff failed to timely file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a).

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[31] Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is only appropriate in favor of the moving party when that party "clearly establishes that no material issue of fact remains to be resolved" such that the party is "entitled to judgment as a matter of law."[32] When reviewing a motion for judgment on the pleadings, a court must view the facts in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor.[33] In other words, a district court applies the same standard to a motion for judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6), but may also review the answer and instruments attached to the pleadings.[34]

---

[30] *See* ECF No. 45.
[31] Fed. R. Civ. P. 12(c).
[32] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation omitted).
[33] *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000); *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 396 (W.D. Pa. 2012).
[34] *See Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591–92 (M.D. Pa. 2010).

## III. DISCUSSION

Moving Defendants allege that the Court should grant judgment on the pleadings in their favor as to the constitutional and state law negligence claims asserted against them because Plaintiff has failed to file a certificate of merit within the time permitted for doing so under the Pennsylvania Rules of Civil Procedure.

### A. Pennsylvania State Law Professional Negligence Claim

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a certificate of merit in any professional negligence action for each defendant within sixty-days of the filing of the complaint. The certificate must be signed by the party or an attorney, and certify that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated form an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.[35]

The rule applies to *pro se* and represented plaintiffs alike, and constitutes a rule of substantive state law with which plaintiffs in federal court must comply.[36]

---

35 Pa. R. Civ. P. 1042.3(a).
36 *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Maruca v. Hynick, No.

Plaintiff first included as a cause of action the state law professional negligence claim against the Moving Defendants in the Amended Complaint, which was filed on February 28, 2019.[37] The Moving Defendants filed their notice of intention to move for judgment on the pleadings for failure to file certificates of merit on March 6, 2019, and Plaintiff filed the certificates of merit on March 16, 2019, within sixty days from the filing of the Amended Complaint.[38]

The Court will deny the motion because Plaintiff filed the certificates of merit within sixty days from the filing of the Amended Complaint. Notably, Plaintiff did not include a claim of professional negligence against the Moving Defendants in the Complaint and only included a federal constitutional claim. Therefore, the Court finds that Plaintiff has complied with Pennsylvania Rule of Civil Procedure 1042.3 by filing his certificates of merit within sixty days from when such a claim was first included in the Amended Complaint.[39] The Court notes that the Moving Defendants cite no case in which a court has held that a plaintiff has failed to comply with Rule 1042.3 when the plaintiff files certificates of merit within sixty days from the date when the professional negligence claim was first asserted. As such, the Moving

---

    3:06–CV–00689, 2007 WL 675038, at * (M.D.Pa. Feb. 27, 2007) ("[T]he language of Rule 1042.3(a)—i.e., "or the plaintiff if not represented ... shall file ... a certificate of merit"— expressly requires that a pro se plaintiff must file a certificate of merit.").

[37] *See* ECF No. 35.
[38] *See* ECF Nos. 39 (notice), 45 (certificates of merit dated March 16, 2019).
[39] The Court notes that had Plaintiff included a claim of state law negligence against the Moving Defendants in the original complaint, the certificates of merit would be untimely. *See Ditch v. Waynesboro Hosp.*, 917 A.2d 317 (Pa. Super. Ct. 2007), *aff'd* 17 A.3d 310 (Pa. 2011).

Defendants have failed to demonstrate that they are entitled to judgment as a matter of law on this issue, and the motion will be denied as to the state law professional negligence claim.[40]

### B. Fourteenth Amendment Medical Indifference Claim

As to the federal constitutional claim against the Moving Defendants, the Court must also deny the motion because there is no requirement under 42 U.S.C. § 1983 that a plaintiff provide a certificate of merit for a medical deliberate indifference claim under U.S. Constitution.[41] Although the Court denies the motion as to the medical deliberate indifference claim, it will *sua sponte* exercise its authority pursuant to 28 U.S.C. § 1915 and dismiss the Moving Defendants because

---

[40] The Moving Defendants suggest in the motion that because Plaintiff's certificates of merit provide that no expert testimony is needed to establish his professional negligence claim, he will be precluded from producing expert opinion at any trial and without such testimony, he will be unable to establish his case at trial. The inference is that the Court should now dismiss this cause of action. To the extent that the Moving Defendants intended to make this argument, such an inference is too tenuous at this early stage of the proceedings, and further, fails address the doctrine of *res ipsa loquitor*, under which Pennsylvania law provides "[a] very narrow exception to the requirement of expert testimony in medical malpractice actions applies 'where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons.'" *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (quoting *Hightower-Warren v. Silk*, 698 A.2d 52, 54, n.1 (Pa. 1997)). *See also Liggon-Redding*, 659 F.3d at 265 (holding that a plaintiff's election to certify that her claim does not need expert opinion pursuant to Rule 1042.3(a)(3) "allows the case to proceed to discovery, leaving the consequence of [plaintiff's] decision to be dealt with at a later stage of the litigation, such as summary judgment or trial.").

[41] *See Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016); *Doyle v. Neshaminy Manor, Inc.*, No. Civ. A. 2:18-cv-00098, 2018 WL 1954119, at *5 (E.D. Pa. April 25, 2018); *Staten v. Lackawanna Cty.*, No. Civ. A. 4:07-cv-1329, 2008 WL 249988, at *3 (M.D. Pa. Jan. 29, 2008).

Plaintiff's allegations in the Amended Complaint do not, even accepted as true, establish that the Moving Defendants acted with deliberate indifference.

Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the Court has an obligation to dismiss a complaint "at any time the court determines" that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[42] That section applies to this action because Plaintiff is a prisoner proceeding *in forma pauperis*.[43]

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[44] While a complaint need only contain "a short and plain statement of the claim,"[45] and detailed factual allegations are not required, a complaint must plead

---

[42] 28 U.S.C. § 1915(e)(2)(B). *See*, *e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); *Bower v. Rey*, 2016 WL 7324526 (M.D. Pa. Dec. 16, 2016); *Bracey v. Pa. Dep't of Corrs.*, 2012 WL 1825828 (W.D. Pa. May 18, 2012) ("The Court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss.").

[43] *See* 28 U.S.C. § 1915(e)(2).

[44] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

[45] Fed. R. Civ. P. 8(a)(2).

"enough facts to state a claim to relief that is plausible on its face."[46] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[47]

Here, Plaintiff attempts to allege a medical deliberate indifference claim under the Fourteenth Amendment against the Moving Defendants fail and the claim must be dismissed.[48] "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[49] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[50] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a

---

[46] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).
[48] Convicted prisoners are able to bring such a claim under the Eighth Amendment whereas pre-trial detainees must bring such a claim under the due process clause of the Fourteenth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir 2003). The same deliberate indifference standard applies to a medical claim under the Fourteenth Amendment as it does under the Eighth Amendment. *Id.*
[49] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[50] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[51]

There are no factual allegations that the individual Moving Defendants were deliberately indifferent to Plaintiff's serious medical needs. Indeed, the only relevant factual allegations against the Moving Defendants are that (1) Moving Defendant Donofrio sought to examine Plaintiff and determine the source of his injuries, and, after Defendant Donofrio was unable to obtain Plaintiff's vital signs, the paramedics were called and Plaintiff was transported to the hospital, and (2) after Plaintiff was unresponsive in his cell, he was transported to the medical department where Moving Defendant Forsythe attempted to (and apparently did) revive him, after which he was transported to the hospital.

Plaintiff's own allegations in the Amended Complaint demonstrate that the individual Moving Defendants were not deliberately indifferent to his medical needs; in each case, after Plaintiff's interactions with the Moving Defendants, Plaintiff was transported to the hospital. Neither of these actions rise to level of knowing that a prisoner needs medical treatment but intentionally refusing to provide it, delaying necessary medical treatment based on a non-medical reason, or preventing a prisoner from receiving needed or recommended medical treatment. It appears from Plaintiff's allegations that the individual Moving Defendants provided

---

[51] *Id.*

him with medical treatment or assessment, and sought to ensure his medical needs were attended to, as Plaintiff was twice transported to the hospital.

Further, as to Moving Defendant PrimeCare Medical, Inc., it is well-established that a "private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy of exhibiting deliberate indifference to a prisoner's serious medical needs."[52]

Relevant to the Court's inquiry, the Third Circuit has held that:

> There are three situations were acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.[53]

The plaintiff bears the burden of proving that a "policymaker" is responsible for either the policy or the custom that caused the alleged constitutional violation.[54]

---

[52] *Henry v. Buskirk*, No. 08-1348, 2011 WL 767540, at *4, 2011 U.S. Dist. LEXIS 18644, at *9-11 (E.D. Pa. Feb. 24, 2011) (citing *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)).
[53] *Natale*, 318 F.3d at 584 (internal quotations and citations omitted).
[54] *See id.*

Plaintiff identifies no policy or custom attributable to Moving Defendant PrimeCare Medical, Inc. in the Amended Complaint. The factual allegations pertain to individuals employed by PrimeCare Medical, Inc., and not to PrimceCare itself. There are no factual allegations to support a claim of a custom or policy of deliberate indifference to Plaintiff by Moving Defendant PrimeCare Medical, Inc.

Because Plaintiff's allegations in the Amended Complaint do not establish that the Moving Defendants' were deliberately indifferent toward his serious medical needs, the Court must dismiss the Fourteenth Amendment claim of medical indifference alleged against them.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the motion for judgment on the pleadings but nevertheless dismiss the Fourteenth Amendment medical claim against the Moving Defendants pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge